**THRIFTY RENT–A–CAR SYSTEMS, INC., Plaintiff,**

v.

**THRIFTY AUTO SALES OF CHARLESTON, INC., Defendant.**

**No. 2:90–1276–18.**

United States District Court, D. South Carolina, Charleston Division.

Dec. 3, 1991.

Marvin Infinger, Charleston, SC, Robert Sacoff, Washington, DC, for plaintiff.

Charles Altman, Charleston, SC, for defendant.

### ORDER

NORTON, District Judge.

This matter is before the Court on plaintiff's and defendant's cross motions for summary judgment.

### BACKGROUND

Plaintiff Thrifty Rent–A–Car System, Inc. ("Thrifty Rental") is an automobile rental company consisting of 375 outlets throughout the United States which are owned and operated by businesses licensed to use the marks THRIFTY and THRIFTY CAR RENTAL. Defendant Thrifty Auto Sales of Charleston, Inc. ("Thrifty Sales") is a local car dealership which only sells used vehicles, usually wholesale.

Thrifty Rental filed this action against Thrifty Sales, alleging that by using the THRIFTY mark, Thrifty Sales is violating state and federal trademark laws and South Carolina unfair competition laws. Thrifty Rental seeks injunctive relief and treble damages. Thrifty Sales responded to Thrifty Rental's complaint with a counterclaim, in which it seeks to enjoin Thrifty Rental from selling used vehicles in Charleston and Ladson, South Carolina under the THRIFTY mark.

Thrifty Rental has used the THRIFTY mark nationally since 1958 and in Charleston since 1972. Thrifty Rental has periodically registered its marks THRIFTY and THRIFTY CAR RENTAL with the United States Patent and Trademark Office since 1966. William Gardner adopted the trade and corporate name Thrifty Auto Sales, Inc. for the predecessor of Thrifty Sales in 1978. Mr. Gardner sold the business assets to Gary Frank in 1986. Mr. Frank then transferred the assets to a new corporation and renamed it Thrifty Auto Sales of Charleston, Inc. Thrifty Sales is located on Dorchester Road in Charleston. The company also operated a sales lot in Ladson from June 1987 to September 1990. Thrifty Sales has introduced evidence to suggest that the two businesses were aware of each other's commercial presence for several years prior to the filing of this action. Thrifty Rental denies such knowledge.

Thrifty Rental now moves for partial summary judgment as to its infringement claim, its request for injunctive relief, the affirmative defenses and the counterclaim. In turn, Thrifty Sales moves for summary judgment on its affirmative defenses of statute of limitations, laches and estoppel and on its counterclaim.

### ANALYSIS

Summary judgment is only proper if no genuine issue of material fact exists. Federal Rule of Civil Procedure 56(c). In evaluating a motion for summary judgment, this Court must view the record in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–124 (4th Cir.1990). The moving party is entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing on an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–323, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986).

At the summary judgment stage, the Court's function is not itself "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Under this standard, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–248, 106 S.Ct. at 2510. (emphasis in original).

Where the moving party has made a properly supported motion for summary judgment, it is incumbent upon the non-moving party to come forward with specific facts to show that there is a genuine issue of material fact for trial. *Id.* at 248, 106 S.Ct. at 2510. Once the moving party has carried its burden of establishing the absence of genuine issues of material fact, the non-moving party "may not rest upon mere allegations or denials" of its pleading, Fed.R.Civ.P. 56(e), but must produce sufficient evidence to reasonably support a jury verdict in its favor. *Id.* at 249, 106 S.Ct. at 2510–2511. Thus, if the non-movant's evidence is merely "colorable" or is "not significantly probative," the Court may grant summary judgment. *Id.* at 249–250, 106 S.Ct. at 2511.

### Thrifty Sales' Counterclaim

■ In its counterclaim, Thrifty Sales requests that this Court enjoin Thrifty Rental from selling vehicles in the Charleston area. In determining whether Thrifty Sales is entitled to summary judgment on this counterclaim, this Court must at the outset determine whether this matter is ripe for review, or whether it is premature.

■ The ripeness doctrine dictates that a federal court should not decide a controversy grounded in uncertain and contingent events that may not occur as anticipated or

may not occur at all. *Richardson v. U.S. News and World Report, Inc.*, 623 F.Supp. 350, 352 (D.D.C.1985). The ripeness doctrine derives from the case or controversy requirement of Article III of the United States Constitution and from prudential concerns of the federal courts and presents this Court with a threshold question of whether it has the power to entertain the matter before it, and if so, whether it is prudent to adjudicate the case. *Metzenbaum v. Federal Energy Regulatory Comm'n*, 675 F.2d 1282, 1289–1290 (D.C.Cir.1982).

When determining whether a case is ripe for review, courts must consider whether a substantial controversy exists, between parties having adverse legal interests, of sufficient immediacy and reality to warrant adjudication. *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498, 506, 92 S.Ct. 1749, 1755, 32 L.Ed.2d 257 (1972). Stated another way, ripeness turns on "the fitness of the issues for a judicial decision and the hardship to the parties of upholding court consideration." *Pacific Gas & Elec. Co. v. State Energy Resources Conservation and Dev. Comm.*, 461 U.S. 190, 201, 103 S.Ct. 1713, 1720, 75 L.Ed.2d 752 (1983). It is not enough that a threat of *possible* injury currently exists; the mere threat of potential injury is too contingent or remote to support present adjudication. Instead, the injury must be clearly impending. *Vorbeck v. Schicker*, 660 F.2d 1260 (8th Cir.1981), *cert. den'd*, 455 U.S. 921, 102 S.Ct. 1278, 71 L.Ed.2d 462 (1982).

Suspicious that Thrifty Rental may begin selling used automobiles in Charleston, Thrifty Sales asks this Court to conduct a trademark infringement analysis as to Thrifty Rental, and, if it finds infringement by Thrifty Rental, asks this Court to prohibit Thrifty Rental from conducting a vehicle sales business in Charleston. However, Thrifty Sales has offered this Court nothing more than its suspicions that Thrifty Rental may begin selling automobiles. It has not produced one shred of evidence that Thrifty

Rental is now doing so, or even actively planning to do so. In the absence of any such evidence, this Court declines to order Thrifty Rental to refrain from selling vehicles in Charleston.

### Thrifty Sales' Affirmative Defenses

Thrifty Sales also moves for summary judgment as to its affirmative defenses of statute of limitations, laches and estoppel. Thrifty Sales first argues that Thrifty Rental's infringement and unfair competition claims are barred by a statute of limitations. Conceding that neither the Lanham Trade–Mark Act of 1946, 15 U.S.C. § 1051 *et seq.*, nor the corresponding state statute provides a statute of limitations for infringement claims, Thrifty Sales argues that this Court should instead apply the most closely analogous state law statute of limitations.[1] Thrifty Rental counters that Congress provided no statute of limitations in the Lanham Act because it considered service mark infringement a continuing tort.

This Court agrees with Thrifty Rental. Because mark infringement is a continuing wrong, it gives rise to a claim for relief as long as the infringement persists. *See James Burrough Ltd. v. Sign of Beefeater, Inc.*, 572 F.2d 574, 578 (7th Cir.1978). *See also Menendez v. Holt*, 128 U.S. 514, 523, 9 S.Ct. 143, 145, 32 L.Ed. 526 (1888). At least one other United States District Judge in this District has held likewise. *See National Council of YMCA's of U.S. v. Columbia YMCA of Columbia, S.C.*, 8 U.S.P.Q.2d 1682, n. 6, 1988 WL 144985 (D.S.C.1988). Accordingly, this Court rules that Thrifty Rental's claims are not barred by a statute of limitations.

Thrifty Sales next argues that it is entitled to summary judgment because Thrifty Rental's claims are barred under the doctrine of laches. Laches is a valid defense to claims of infringement and unfair competition. *Skippy, Inc. v. CPC Int'l Inc.*, 674 F.2d

---

1. Thrifty Sales looks to S.C.Code § 15–3–530 as the applicable state statute. That section designates a six year statute of limitations for causes of action accruing prior to April 5, 1988, including actions upon liabilities created by statute other than a penalty or forfeiture; actions for injury to the rights of another not arising on contract, not enumerated by law; and actions for relief on the grounds of fraud.

209 (4th Cir.), *cert. den'd*, 459 U.S. 969, 103 S.Ct. 298, 74 L.Ed.2d 280 (1982). In order to prove laches, a defendant must show (1) that the plaintiff had knowledge of the defendant's use of the mark; (2) that the plaintiff's delay in taking action was inexcusable; and (3) that prejudice will accrue to the defendant if the plaintiff is permitted to bring its action at the present time. *Perini Corp. v. Perini Constr., Inc.*, 715 F.Supp. 719, 723 (D.Md.1989), *rev'd on other grounds*, 915 F.2d 121 (4th Cir.1990).

The Court finds that there is a genuine question of material fact as to whether the elements that make up a laches defense are present in this case. A trial on the issue of laches is therefore in order. At the trial, the Court is interested in hearing evidence as to when and if Thrifty Rental's Charleston licensees became aware of the existence of Thrifty Sales; when and if the Thrifty Rental corporate principal gained such awareness; any agency relationship between the Thrifty Rental Charleston licensee and its corporate principal; Thrifty Rental's reason for bringing this action at this late date; and any prejudice which will be incurred by Thrifty Sales if this action goes forward, including evidence of detrimental reliance.

 Thrifty Sales next argues that it should prevail under the defense of estoppel by acquiescence. Acquiescence constitutes a ground for denial of relief when the plaintiff's conduct has amounted to an assurance to the defendant that the plaintiff would not assert its trademark rights against the defendant. *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1046 (4th Cir.1984).

Thrifty Sales does not offer any evidence of such an assurance but instead argues that acquiescence may be inferred from Thrifty Rental's failure to assert its rights in 1978, when it allegedly first learned of Thrifty Sales' operations. The Court finds that even assuming Thrifty Rental knew of Thrifty Sales' existence, knowledge and the failure to act on such knowledge do not constitute acquiescence. Accordingly, the defense of estoppel by acquiescence must fail.

Finally, the Court deems that it would be prudent to litigate the issue of laches before considering Thrifty Rental's infringement claim. The Court therefore declines to rule on the issue of infringement at this time. It is, therefore,

**ORDERED** that defendant Thrifty Sales' claim of infringement be dismissed, without prejudice, for lack of ripeness. It is further

**ORDERED** that a trial be had on the issue of whether plaintiff Thrifty Rental's claims of infringement and unfair trade should be barred pursuant to the doctrine of laches. It is further

**ORDERED** that summary judgment be granted in favor of plaintiff Thrifty Rental as to the affirmative defenses of statute of limitations and estoppel by acquiescence asserted by defendant Thrifty Sales. Finally, it is

**ORDERED** that plaintiff Thrifty Rental's motion for partial summary judgment as to its claim of infringement be held in abeyance until the issue of laches is resolved.

**IT IS SO ORDERED.**