24273

Cindy GRAHAM, Appellant v. STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY, Respondent.
(459 S.E. (2d) 844)

Supreme Court

---

*David W. Goldman, Terrell T. Horne* and *Carl L. Solomon, Bryan, Bahnmuller, King, Goldman and McElveen,* Sumter, *for appellant.*

*Charles E. Carpenter, Jr.* and *Deborah Harrison Sheffield, Richardson, Plowden, Grier & Howser,* Columbia; and *Robert W. Brown, Weinberg, Brown & McDougall,* Sumter, *for respondent.*

Heard Apr. 6, 1995.

Decided July 17, 1995.

WALLER, Justice:

On appeal is an order of the circuit court dismissing, pursuant to Rule 12(b)(6), SCRCP, this declaratory judgment action in which Appellant, Cindy Graham (Graham) sought to have her automobile liability insurance policy reformed to include underinsured motorist (UIM) coverage. We reverse.

## FACTS

Graham was involved in an automobile accident while driving a vehicle insured by State Farm. She filed a lawsuit against the adverse driver and served copies of the pleadings

on State Farm. The adverse driver's liability carrier tendered the policy limits to Graham, who accepted the settlement without releasing the adverse driver from liability.

Graham instituted this declaratory judgment action seeking reformation of her automobile liability insurance policy to include UIM coverage of $25,000. State Farm filed a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, contending no justiciable controversy existed. The trial judge agreed and granted State Farm's motion.

## ISSUE

Does Graham's complaint seeking a declaration that her insurance policy includes UIM coverage present a justiciable controversy?

## DISCUSSION

Under the Declaratory Judgment Act, a party whose rights, status, or other legal relations are affected by a contract may seek a court's determination of any question of construction or validity of the contract and obtain a declaration of the party's rights, status, or other legal relations thereunder. See *Town of Hilton Head Island v. Coalition of Expressway Opponents*, 307 S.C. 449, 415 S.E. (2d) 801 (1992); S.C. Code Ann. § 15-53-30 (1977). The Declaratory Judgment Act should be liberally construed to accomplish its intended purpose of affording a speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships, without awaiting a violation of the rights or a disturbance of the relationships. *Williams Furniture Corp. v. Southern Coatings and Chemical Co.*, 216 S.C. 1, 56 S.E. (2d) 576 (1949).

To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy. *Brown v. Wingard*, 285 S.C. 478, 330 S.E. (2d) 301 (1985). A justiciable controversy exists when a concrete issue is present, there is a definite assertion of legal rights and a positive legal duty which is denied by the adverse party. *Power v. McNair*, 255 S.C. 150, 177 S.E. (2d) 551 (1970).

State Farm asserts it is not liable to Graham for UIM coverage unless and until she obtains a judgment in excess of the at-fault driver's liability limits. Accord-

ingly, it contends the matter is not presently justiciable. We agree.

Graham does not seek a determination that State Farm presently owes her underinsured benefits; she seeks only a declaration whether her policy includes UIM coverage. Contrary to State Farm's assertion, a ruling on this issue will not be "purely advisory, and is, in fact, imperative to Graham's preservation of her rights.

S.C. Code Ann. § 38-77-160 (Supp. 1993) requires, as a prerequisite to maintenance of an action to recover UIM benefits, that "copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the underinsured motorist provision." *See also Williams v. Selective Insurance Co.*, — S.C. —, 446 S.E. (2d) 402 (1994) (insured's failure to serve copies of pleadings in compliance with this section bars subsequent action for UIM coverage). Where, as here, the insurance carriers denies coverage, a declaratory judgment action is necessary to establish whether coverage, in fact, exists, and whether the plaintiff is therefore required to serve copies of the pleadings on the carrier in compliance with § 38-77-160. Accordingly, this renders the current controversy justiciable. *Accord White v. National Union Fire Ins. Co.*, 913 F. (2d) 165 (4th Cir. 1990).

The judgment below is

Reversed.

FINNEY, C.J., MOORE, J., and A. LEE CHANDLER and WILLIAM T. HOWELL, Acting Associate Justices, concur.