THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED 
 ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
 
THE STATE OF SOUTH CAROLINA
 In The Court of Appeals

 
 
 
 
 The Connecticut Indemnity Co., Appellant,
 
 
 

v.
 
 
 
 
 Tyrone Davis and Francis Richard Burgess, Respondents.
 
 
 

Appeal From Richland County
  Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2004-UP-436
 Submitted June 8, 2004  Filed July 26, 2004

REVERSED AND REMANDED

 
 
 
 
 Frank S. Potts, of Columbia, for Appellant.
 John W. Carrigg, Jr., of Columbia, for Respondents.
 
 
 

PER CURIAM:  Connecticut Indemnity Company 
 (Connecticut) appeals the trial courts dismissal of its declaratory judgment 
 action, arguing the court should have determined whether Connecticut was entitled 
 to attorneys fees and costs pursuant to the indemnity agreement.  We reverse 
 and remand. [1] 
FACTS
In 1992, Tyrone Davis suffered extensive damage to his home during a fire.  
 Davis hired contractor Francis Richard Burgess to repair the damage.  Burgess 
 was licensed by the Residential Builders Commission (the Commission), and 
 Connecticut provided Burgess with a license bond. 
A dispute arose between Davis and Burgess concerning Burgesss performance.  
 Davis complained to the Commission, which issued an order on November 9, 1995, 
 directing Burgess to correct the omissions in his performance.  Davis contacted 
 Connecticut and requested the surety pay for the repairs.   
Connecticut wrote to Burgess requesting he respond 
 to Daviss allegations.  Burgess informed Connecticut that he had settled 
 all issues with Davis, that he had been released, and that Davis was trying 
 to get something for nothing.  Burgess provided Connecticut with a copy of the 
 September 8, 1995 letter from the Commission stating the case had been officially 
 closed.  Connecticut sought clarification regarding the discrepancy between 
 the September 8, 1995 letter and the November 9, 1995 order from the Commission.  
 The Commission informed Connecticut that the previous dismissal of the case 
 was only for the purpose of clearing its records and that the order in no way 
 relieved Burgess or Connecticut of their responsibilities to make corrections. 

Connecticut filed the underlying declaratory judgment 
 action requesting the trial court declare whether Davis was entitled to compensation 
 under the bond.  Connecticut asked the trial court to declare whether it was 
 entitled to be fully and completely indemnified by the defendant Burgess, including 
 attorneys fees, pursuant to the terms of the indemnity agreement between the 
 parties.  Davis counterclaimed for, among other things, bad faith refusal to 
 pay.   After repeated postponements, this case finally came up for trial on 
 September 16, 2002. 
At trial, Davis and Burgess settled their dispute for $6,500.  As part of the 
 settlement, both Davis and Burgess agreed to withdraw any claims they may have 
 had against Connecticut.  The trial court dismissed the case, finding the only 
 claim left was for a declaration of the terms of the indemnity agreement, and 
 for a declaration that the agreement required Burgess to pay Connecticuts attorneys 
 fees and costs incurred in bringing the action.  The court found the 
 remaining action to be a breach of contract action, concluded that it was inappropriate 
 to determine the contract issue in a declaratory judgment action, and dismissed 
 the case.  Connecticut filed a motion for reconsideration, which the court denied. 
  This appeal followed.
STANDARD OF REVIEW
Declaratory judgment actions are neither legal nor equitable.  Wiedemann 
 v. Town of Hilton Head Island, 344 S.C. 233, 236, 542 S.E.2d 752, 753 (Ct. 
 App. 2001).  Therefore, the standard of review for a declaratory judgment action 
 is determined by the nature of the underlying issue.  Id.  The remaining 
 issue on appeal is a determination of attorneys fees and costs pursuant to 
 the indemnity agreement.  Interpreting the terms of an agreement is an action 
 at law.  Barnacle Broad., Inc. v. Baker Broad., Inc., 343 S.C. 140, 146, 
 538 S.E.2d 672, 675 (Ct. App. 2000) (holding that interpretation of a contract 
 is an action at law); see also Weatherford v. Price, 340 S.C. 
 572, 578, 532 S.E.2d 310, 313 (Ct. App. 2000) (holding an action for attorneys 
 fees, even one based on an implied agreement, is an action at law).  In an action 
 at law tried without a jury, the appellate court standard of review extends 
 only to the correction of errors of law.  Townes Assocs. v. City of Greenville, 
 266 S.C. 81, 85, 221 S.E.2d 773, 775 (1976).  Thus, the trial courts factual 
 findings will not be disturbed on appeal unless a review of the record discloses 
 that there is no evidence which reasonably supports the courts findings.  Barnacle 
 Broad., Inc., 343 S.C. at 146, 538 S.E.2d at 675.
LAW/ANALYSIS 
Connecticut essentially argues the trial court erred in dismissing the case 
 because the court should have declared whether attorney's fees were due under 
 the indemnity agreement and, if so, established the amount due. We agree. 

 Under the Declaratory Judgment Act, a party 
 whose rights, status, or other legal relations are affected by a contract 
 may seek a courts determination of any question of construction or validity 
 of the contract and obtain a declaration of the partys rights, status, 
 or other legal relations thereunder.  Graham v. State Farm Mut. Auto. 
 Ins. Co., 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995); S.C. Code Ann. 
 § 15-53-30 (1977); see also 22A Am. Jur. 2d Declaratory Judgments 
 § 1 (2003) (A declaratory judgment is an action in which the court declares 
 the rights, duties, status, or other legal relations between the parties.).  
 The Declaratory Judgment Act should be liberally construed to accomplish 
 its intended purpose of affording a speedy and inexpensive method of deciding 
 legal disputes and of settling legal rights and relationships, without awaiting 
 a violation of the rights or a disturbance of the relationships.  Graham, 
 319 S.C. at 71, 459 S.E.2d at 845; 22A Am. Jur. 2d Declaratory Judgments 
 § 1 (2003) (holding that declaratory judgment actions resolve uncertainties 
 and controversies before obligations are repudiated, rights are invaded 
 or wrongs are committed.).  
 
A party must demonstrate a justiciable controversy in order to state a claim 
 under the Declaratory Judgment Act.  Pond Place Partners, Inc. v. Poole, 
 351 S.C. 1, 16, 567 S.E.2d 881, 889 (Ct. App. 2002), cert. denied (June 
 12, 2003).  A justiciable controversy exists when a concrete issue is present, 
 there is a definite assertion of legal rights and a positive legal duty which 
 is denied by the adverse party.  Graham, 319 S.C. at 71, 459 S.E.2d 
 at 845.   
At the time Connecticut brought the declaratory judgment action, a justiciable 
 controversy existed. It was not clear whether Burgess had been released, whether 
 Connecticut needed to pay Davis, or whether Burgess was required to reimburse 
 Connecticut or pay fees and costs under the indemnity agreement. When Burgess 
 and Davis settled at trial, the issue of determining if Burgess owed Davis became 
 moot. In addition, because Burgess and Davis agreed in the settlement to withdraw 
 any potential claims against Connecticut, the trial court no longer needed to 
 declare whether Burgess must indemnify Connecticut for any amount Connecticut 
 would have paid Davis. 
However, Connecticut's request that the trial court declare whether Burgess 
 owed Connecticut attorney's fees and costs pursuant to the indemnity agreement 
 was still before the trial court. We find the trial court committed an error 
 of law in finding the action was transformed into a breach of contract action, 
 prematurely dismissing the case, and failing to proceed further to determine 
 Connecticut's entitlement to attorney's fees and costs pursuant to the indemnity 
 agreement. Therefore, we reverse and remand this case to the trial court for 
 a determination of whether the indemnity agreement authorizes Connecticut to 
 receive attorney's fees and costs. If the trial court determines Connecticut 
 is entitled to fees, the trial court shall establish the amount of fees and 
 costs to be awarded.
CONCLUSION 
Accordingly, the decision of the trial court is
REVERSED AND REMANDED. 
 

HEARN, C.J., STILWELL, J., and CURETON, A.J., concur. 

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.