**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Horry County, South Carolina, Appellant,

v.

Helicopter Solutions, Inc. d/b/a Helicopter Adventures, Freddie Rick, and Burroughs & Chapin Company, Inc., Respondents.

Appellate Case No. 2022-000596

Appeal From Horry County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2024-UP-317
Submitted September 19, 2024 – Filed September 25, 2024

**AFFIRMED**

Michael Warner Battle, of Battle Law Firm, LLC, of Conway; Scott D. Bergthold, of Chattanooga, Tennessee, both for Appellant.

Joseph M. McCulloch, Jr. and Kathy R. Schillaci, both of McCulloch and Schillaci, of Columbia; Kelsey Jan Brudvig and Christian Stegmaier, both of Collins & Lacy, PC, of Columbia, all for Respondents Helicopter Solutions, Inc. and Freddie Rick.

James Harrison Berry, of Myrtle Beach; James Christopher Clark, of McAngus Goudelock & Courie, LLC, of Myrtle Beach; both for Respondent Burroughs & Chapin Company, Inc.

_____

**PER CURIAM:** Horry County appeals the circuit court's order dismissing its complaint seeking declaratory relief and an injunction on the basis Horry County lacked standing to bring the claims pled in its complaint. On appeal, Horry County argues the circuit court erred by granting Helicopter Solutions, Inc. d/b/a Helicopter Adventures (Helicopter Solutions) and Freddie Rick's[1] motion to dismiss because it was error to dismiss the declaratory judgment action as non-justiciable when the court ignored Horry County's assertions of fact and credited Helicopter Solutions, Rick, and Burroughs & Chapin Company, Inc.'s[2] contrary assertions. We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not err by dismissing Horry County's declaratory judgment action. Construing the complaint in the light most favorable to Horry County, there is no justiciable controversy because Horry County lacks standing. In 2016, Horry County passed an ordinance restricting heliports/helipads to public use airports and required nonconforming heliports/helipads to relocate to a conforming location by January 1, 2024. At the time Horry County filed its complaint in July 2021 seeking, in part, a declaratory judgment that operation of a helicopter sight-seeing business at the location in which Helicopter Solutions was operating must cease on or before January 1, 2024, Horry County failed to show an invasion of a legally protected interest that was actual or imminent. *See Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6)[ of the South Carolina Rules of Civil Procedure] an appellate court applies the same standard of review as the trial court."); *id.* ("That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (quoting *Williams v. Condon*, 347 S.C. 227, 233, 553 S.E.2d 496, 499 (Ct. App. 2001))); S.C. Code Ann. § 15-53-30 (2005) (providing that under the Declaratory Judgment Act, a party "whose rights, status or other legal relations are affected by a . . . municipal ordinance . . . may have

_____

[1] Rick is the owner and president of Helicopter Solutions.
[2] Burroughs & Chapin Company, Inc. owns the land upon which Helicopter Solutions operates.

determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder."); *Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995) ("To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy."); *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004) ("A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character." (quoting *Power v. McNair*, 255 S.C. 150, 154, 177 S.E.2d 551, 553 (1970))); *Jowers v. S.C. Dep't of Health & Env't Control*, 423 S.C. 343, 353, 815 S.E.2d 446, 451 (2018) ("A plaintiff has standing to challenge legislation when he sustained, or is in immediate danger of sustaining, actual prejudice or injury from the legislative action."); *id.* ("To meet the 'stringent' test for standing, 'the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical."'" (quoting *Sea Pines Ass'n for Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 345 S.C. 594, 601, 550 S.E.2d 287, 291 (2001))); *Waters v. S.C. Land Res. Conservation Comm'n*, 321 S.C. 219, 228, 467 S.E.2d 913, 918 (1996) (citing to *Thrifty Rent-A-Car Sys., Inc. v. Thrifty Auto Sales of Charleston, Inc.* for the proposition that a "court should not decide a controversy grounded in uncertain and contingent events that may not occur as anticipated or may not occur at all" (quoting *Thrifty Rent-A-Car Sys., Inc.*, 849 F.Supp. 1083, 1085-86 (D.S.C.1991))).

**AFFIRMED.**[3]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.