## 17273

THE CITY OF COLUMBIA, Respondent, v. JOE H. SANDERS, JR., *et al.,* Appellants

(97 S. E. (2d) 210)

62

*Messrs. Nelson, Mullins & Grier,* of Columbia, *for Appellants,*

*Messrs. J. Monroe Fulmer, City Attorney,* and *John W. Scholenberger, Assistant City Attorney,* of Columbia, and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondent,*

March 14, 1957.

OXNER, Justice.

This action stems from the merger of the Town of Eau Claire and the City of Columbia. A declaratory judgment is sought with respect to the right of the City of Columbia, as it existed prior to the merger, to issue further revenue bonds on a parity with those now outstanding for the purpose of enlarging and improving its water and sewer facilities. Involved is the question of whether the consolidation of the two municipalities resulted in the merger of their municipally owned utility systems.

The following is a summary of the facts stated in the complaint:

Pursuant to the procedure prescribed in Title 47, Chapter I, Article 2 of the 1952 Code, relating to the extension of the corporate limits of cities and towns, the territory within the Town of Eau Claire was annexed to the City of Columbia on December 2, 1955. No question is raised as to the validity of the annexation. As permitted by Section 47-13 of the Code, the corporate authorities of the two municipalities entered into an agreement as to the terms and condi-

tions of the consolidation which was printed in full on the ballots used in the election. The provisions pertinent to this discussion are the following:

"The form of government now in effect for the City of Columbia shall be the form of government for the consolidated city.

"Identical water rates will prevail throughout the consolidated city, it being understood that the rate shall be sufficient to meet all present and future revenue bond covenants existing in Columbia and Eau Claire.

\* \* \*

"The City of Columbia, South Carolina (the enlarged City), shall assume and will assume all of the outstanding bonded indebtedness of Eau Claire, South Carolina, as well as any and all other outstanding obligations, claims and causes of action of whatsoever kind or nature justly due and owing by Eau Claire, South Carolina.

"All of the assets, choses in action, property, real or personal and any other property or right of any nature or kind possessed by Eau Claire, South Carolina, shall be vested in and become the property of the enlarged The City of Columbia, South Carolina."

In 1949, the City of Columbia issued $2,000,000 of Waterworks and Sewer Refunding and Improvement revenue bonds, of which $1,475,000 are now outstanding. In the resolution authorizing these bonds the city reserved the right to issue from time to time thereafter, subject to certain stated conditions, additional revenue bonds on a parity with those then being issued. Availing itself of this parity provision, the City of Columbia in 1953 issued bonds in the amount of $2,000,000, payable from the revenues of its utility system, of which $1,670,000 are now outstanding. In 1954 there was a further issue of $1,500,000, of which $1,-450,000 are now outstanding. All of these bonds, as above stated, are of equal rank.

At the time of the annexation, the Town of Eau Claire had four issues of bonds payable from the revenues of its

waterworks and sewer system. The aggregate amount now outstanding is approximately $450,000. Apparently call provisions exist which permit the retirement of the last of these bonds on November 1, 1963. In none of the proceedings authorizing the issuance of these bonds was there a provision made for the issuance of further bonds on a parity with those then being issued. The result is that the bonds of Eau Claire rank in the order issued and constitute first, second, third and fourth liens, respectively, upon the revenues of its utility system.

In the resolution of the City Council of Columbia declaring the Eau Claire territory annexed to and a part of said city, it was provided that the waterworks and sewer system of Eau Claire "shall be operated and maintained as a separate system for so long a time as any" of its revenue bonds shall remain outstanding, but upon payment of all of said bonds "that said system shall be combined and merged into the Waterworks and Sewer System of the City of Columbia, as part and parcel thereof." Accordingly, since the annexation the revenues from the Eau Claire territory have been segregated from those derived elsewhere and there had been charged to same a proportionate share of the cost of operation and maintenance. Identical water rates have been maintained in the two areas.

Due to the rapid growth of the City of Columbia, additional large capital outlays are necessary for the purpose of improving and enlarging its utility system. The city now contemplates a further issue of bonds in an amount not less than $1,000,000 payable from the revenues of its waterworks and sewer system exclusive of that derived from the Eau Claire territory, and desires to issue these bonds on a parity with those issued by the City of Columbia prior to the annexation of Eau Claire. The primary declaration sought is whether the city has the right to do so. It seems to be conceded that such parity bonds cannot be issued if the result of the annexation was to merge the utility system of the Eau Claire territory with that of

the City of Columbia. The major question, therefore, presented is whether the utility systems of the two areas have now been combined and in the further issuance of bonds must be considered as one system. The Court below held:

"1. The merger of the Cities of Columbia and Eau Claire has been accomplished without merging or consolidating the two utility systems of the two respective municipalities.

"2. The holders of the revenue bonds issued by the City of Eau Claire, payable from the revenues of its utility system, have no claim to any revenues derived from the operation of the utility system operated by the City of Columbia as it was constituted prior to the merger.

"3. The right of the City of Columbia to issue revenue bonds on a parity with its present outstanding revenue bonds in order to finance improvements has not been changed or affected in any way whatsoever."

It is well settled that upon consolidation of two municipal corporations or the annexation of the entire territory of one municipal corporation to another, the new or enlarged corporation, in the absence of contrary legislative provision or agreement takes all the property of its constituents and the contracts and indebtedness of the corporations which are consolidated or annexed become the contracts and indebtedness of the consolidated or annexing corporation. The identity of the component elements is lost and becomes absorbed into the new creation. *Walker v. Bennett,* 125 S. C. 389, 118 S. E. 779; *Nesbit v. Gettys,* 219 S. C. 221, 64 S. E. (2d) 651; *Kocsis v. Chicago Park District,* 362 Ill. 24, 198 N. E. 847, 103 A. L. R. 141. "Accordingly, it is generally held that, where one municipal corporation is annexed to another, the annexing city takes over the functions of the annexed municipality, and the latter by virtue of the annexation is extinguished, and its property, powers, and duties are vested in the corporation of which it has become a part." *In Re Sanitary Board of East Fruitvale Sanitary District,* 158 Cal. 453, 111 P. 368, 370.

Not only is there in the instant case no legislative provision or agreement preventing application of the foregoing general rule but the terms of consolidation, which under Section 47-33 of the Code became a binding contract upon the enlarged municipality, expressly provide that all property of whatsoever kind possessed by Eau Claire should become the property of the enlarged City of Columbia and that the latter should assume all the bonded indebtedness, as well as all other outstanding obligations, owing by Eau Claire. Moreover, the merger of the utility systems of the two areas is implicit in the following portion of the merger agreement: "Identical water rates will prevail throughout the consolidated city, it being understood that the rate shall be sufficient to meet all present and future revenue bond covenants existing in Columbia and Eau Claire."

For the reasons stated, it is our opinion that the annexation resulted in the merger of the two utility systems formerly operated by Eau Claire and the City of Columbia. This does not have the effect, as respondent seems to think, of impairing the obligations previously incurred by the two municipalities. Nor does it follow from this conclusion that the City of Columbia must discontinue its policy of segregating the revenues. Whether this is required, we need not now decide for it is conceded that the enlarged City of Columbia is faithfully carrying out all revenue obligations incurred by both municipalities prior to the merger.

It should be further stated that no contest has arisen between the holders of the Eau Claire bonds and the holders of the bonds issued by the City of Columbia. We are, therefore, not called upon to go into the questions of commingling of funds, rank or priority of existing liens, or the extent of any claims that the holders of the Eau Claire bonds may have upon the revenues of the entire system. We need not speculate as to what controversies may arise in the future. In short, we refuse to make any declaration or adjudication as to the rights of the existing bondholders *inter sese*.

The Uniform Declaratory Judgment Act, Title 10, Chapter 24 of the 1952 Code "does not require the court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise", *Town of Tryon v. Duke Power Co.*, 222 N. C. 200, 22 S. E. (2d) 450, 453, or "license litigants to fish in judicial ponds for legal advice." *Lide v. Mears*, 231 N. C. 111, 56 S. E. (2d) 404, 409. Also, see Anderson, Declaratory Judgments, Second Edition, Volume I, Sections 9, 65 and 102.

We only undertake to decide the basis upon which the enlarged City of Columbia may hereafter issue bonds secured by a pledge of the revenues derived from its waterworks and sewer system. There has been a merger of the two utility systems. In the further issuance of revenue bonds by the City of Columbia, there must be taken into consideration the debt service requirements of the Eau Claire bonds and the earnings test must be applied to the consolidated system.

We have been in considerable doubt as to whether the pleadings present a proper case for any kind of declaratory relief. But since the rule requiring the existence of a justiciable controversy is somewhat relaxed where the public interest is involved, Anderson, Declaratory Judgments, Second Edition, Volume I, Section 63, and Volume II, Sections 686, 707, 709 and 714, we have decided to make the foregoing limited declaration with respect to the issuance of further revenue bonds.

Judgment reversed.

STUKES, C. J., TAYLOR and MOSS, JJ., and G. DUNCAN BELLINGER, A. A. J., concur.