19123

J. W. POWER and Cecil J. McCaulley, Appellants, v. Robert E. McNAIR, Governor of the State of South Carolina, Respondent.

(177 S. E. (2d) 551)

*Messrs. W. Paul Culbertson* and *Robert W. Whitesides,* of Laurens, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General,* and *C. Pinckney Roberts, Assistant Attorney General,* of Columbia, *for Respondent,*

November 6, 1970.

LEWIS, Justice.

This action for declaratory judgment was brought for the purpose of determining whether the simultaneous holding of the office of a city policeman and a commission as a State constable without compensation would constitute dual office holding within the meaning of Article 2, Section 2, of the South Carolina Constitution. We find no justiciable controversy and therefore dismiss the appeal.

The plaintiffs are the chief of police and a patrolman of the City of Laurens, South Carolina. The pleadings and the stipulated facts show that, in the performance of their duties in enforcing the law, plaintiffs must on occasion go beyond the municipal limits to investigate crimes and apprehend persons accused of committing crimes within the city. Presently they have no jurisdiction beyond the city limits except in certain limited situations prescribed by statute, and it is necessary to obtain the assistance of the office of the Sheriff of Laurens County in handling matters outside the city. In order to enlarge their jurisdiction to investigate such crimes, they requested the Governor to commission them as State constables without compensation under the provisions of Section 53-3 of the 1962 Code of Laws, which authorizes the Governor, "at his discretion," to appoint constables, without compensation from the State, "as he may deem necessary," to assist in the detection of crime and the enforcement of the laws of this State.

It is conceded that the Governor has the power to make the appointments requested by plaintiffs, but he refused upon the sole ground that, to do so, would violate the terms of Article 2, Section 2, of the Constitution prohibiting dual office holding. If the appointment by the Governor would violate the foregoing constitutional provision, the acceptance of it by plaintiffs might amount to a relinquishment of their positions as police officers of the city. *Darling v. Brunson,* 94 S. C. 207, 77 S. E. 860. Faced with this situation, plaintiffs instituted this action seeking a judicial determination of their status, if the Governor made the requested appointments.

At the outset, we must determine whether the pleadings state a cause of action entitling the parties to a declaratory judgment. We stated in *South Carolina Electric & Gas Co. v. South Carolina Public Service Authority,* 215 S. C. 193, 54 S. E. (2d) 777 that "the existence of an actual controversy is essential to jurisdiction to render a declaratory judgment." While this question has not been raised, we raise it on our own motion, since the parties cannot by consent or agreement confer jurisdiction on the court to render a declaratory judgment in the absence of an actual justiciable controversy. 26 C. J. S. Declaratory Judgments § 26, page 99; 22 Am. Jur. (2d), Declaratory Judgments, Section 75.

This State has adopted the Uniform Declaratory Judgments Statute, Section 10-2001 *et seq.,* 1962 Code of Laws.

In order to maintain an action under the statute, there must exist a justiciable controversy. *Dantzler v. Callison,* 227 S. C. 317, 88 S. E. (2d) 64, 65; *Guimarin & Doan v. Georgetown Textile & Mfg. Co.,* 249 S. C. 561, 155 S. E. (2d) 618.

In *Dantzler,* we referred to the elements necessary to constitute a justiciable controversy as follows:

"Where a concrete issue is present, and there is a definite assertion of legal rights and a positive legal duty with re-

spect thereto, which are denied by the adverse party, there is a justiciable controversy calling for the invocation of declaratory judgment action."

The principle was thus stated in *Guimarin & Doan:*

"A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character."

While it has been held that the declaratory judgment statute should be liberally construed to accomplish its intended purpose of affording a speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships without awaiting a violation of the rights or a disturbance of the relationships, *Williams Furniture Corporation v. Southern Coatings & Chemical Co.,* 216 S. C. 1, 56 S. E. (2d) 576, it is uniformly held that the Declaratory Judgments Act does not require the court to give a purely advisory opinion as to the issues sought to be raised, *City of Columbia v. Sanders,* 231 S. C. 61, 97 S. E. (2d) 210.

Plaintiffs bring this action as police officers of the City of Laurens seeking an appointment as State constables in order to enlarge their jurisdiction. Under the law, such appointment, assuming its desirability, is neither required nor necessary for the performance of their duties as municipal police officers.

The appointment of State constables is discretionary with the Governor although the record indicates that the Governor is agreeable to appointing plaintiffs, such appointment has not been made and there is nothing in the record to bind the Governor to do so, even if we were to hold that such action would not violate the constitutional provision in question.

Under these circumstances, an adjudication of the present question would settle no legal rights of the parties. It would be only advisory and, therefore,

beyond the intended purpose and scope of a declaratory judgment. We simply refuse to enter the field of advisory opinions.

The appeal is accordingly dismissed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.