## 19891

Tom WEST, Respondent, v. Ida Young WEST et al., of which the defendant, Richard L. West, minor over the age of 14 years, by his Guardian ad Litem, Patrick James Doyle, is the Appellant.

(208 S. E. (2d) 530)

*J. S. Cross, Jr., Esquire,* of Conway, *for Appellant.*

*Messrs. H. T. Abbott and H. T. Abbott, III,* of Conway, and *McGougan & Wright,* of Tabor City, N. C., *for Respondent.*

Sept. 25, 1974.

LITTLEJOHN, Justice:

In 1898 James Grier (grantor) conveyed to his nephews, James Hutto West and Patrick Grier West (grantees), a tract of land in Georgetown County. The granting clause contained no words of inheritance; the *habendum* clause read in pertinent part as follows:

"[A]nd the said James Hutto West and Patrick Grice West, and their children are to have and to hold the aforesaid property for their use and benefit, free from the claim or claims of myself, my heirs, my executors, or administrators, and from the claims of all others whatsoever; . . . Whenever the property aforesaid shall cease to be owned by the said James Hutto West or Patrick Grice West, or their children, it shall revert to me or my heirs. In case either James Hutto West or Patrick Grice West dies childless, his portion of the aforesaid property shall become the property of the other or the other's children."

The grantor and the grantees died many years ago. The plaintiff, Tom West, and the 39 defendants are the descendants, heirs at law, and distributees of the two grantees.

This action was brought for a declaratory judgment and the prayer for relief prays: "That the Court construe the deed set forth in the Complant and determine the right and

title of the plaintiff and the defendants as created by said deed; . . . ."

Thirty-eight of the defendants, all *sui juris,* defaulted; Richard L. West, an infant, answered through his guardian ad litem, alleging "[t]hat it is meet and proper that his interests herein be fully guarded and protected," and prayed: "this Honorable Court to protect his interests in this action and to grant all necessary and proper relief in the premises."

The case was submitted to the lower court on stipulated facts. Thereafter, the court issued its order construing the deed as having granted a fee simple conditional estate to the grantees.

The infant defendant has appealed, alleging error on the part of the trial judge in holding that the deed conveyed a fee simple conditional estate to the grantees, and arguing that the court should have held that the grantees were conveyed only a life estate.

We are of the opinion that the parties seek merely an advisory opinion of the court, and we hold that they are not entitled to a declaratory judgment. The only justification for asking the court to construe the deed is an allegation "that the plaintiff is informed and believes that there are prospective purchasers of the property described above, who are willing to purchase the property, but will not do so by reason that they do not believe that the plaintiff and the defendants have good fee simple title to the property. That the plaintiff is further informed and believes that a judicial determination and construction of the deed above referred to is necessary, in order to afford the plaintiff and the defendants a marketable title to the property in question."

At the outset of any action for a declaratory judgment it must be determined whether the pleadings state a cause of action. The existence of an actual controversy is necessary in order to invoke the jurisdiction of the court for a declaratory judgment. A justiciable controversy is described as a concrete and substantial controversy

and not merely a dispute of a contingent, hypothetical, or abstract character. *South Carolina Elec. & Gas Co. v. South Carolina Public Service Authority,* 215 S. C. 193, 54 S. E. (2d) 777 (1949); *Power v. McNair,* 255 S. C. 150, 177 S. E. (2d) 551 (1970); *Dantzler v. Callison,* 227 S. C. 317, 88 S. E. (2d) 64 (1955).

We do not have such a controversy. The plaintiff and defendants are not in disagreement. It is in the interest of all of them that the deed be construed to have created a fee simple conditional estate. Further, there is no allegation that any prospective purchaser entitled to invoke the issue has disputed their right or denied their legal capacity to convey. This is not a true adversary proceeding.

In *City of Columbia v. Sanders,* 231 S. C. 61, 97 S. E. (2d) 210 (1957), this Court, commenting on this subject, said in part:

"The Uniform Declaratory Judgment Act . . . 'does not require the court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise', [citations omitted] or 'license litigants to fish in judicial ponds for legal advice.' "

Similarly, in 22 Am. Jur. (2d), Declaratory Judgment, § 11, one finds:

"But a mere fear or apprehension that a claim may be asserted in the future is not ground for issuing a declaratory judgment; before granting such relief, the court must be convinced that litigation sooner or later appears to be unavoidable."

This Court has held that the declaratory judgment statute should be construed liberally in order to accomplish its intended purpose of providing a speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships without awaiting a violation of the rights or a disturbance of the relationships. *Williams Furniture Corp. v. Southern Coating & Chemical*

*Co.,* 216 S. C. 1, 56 S. E. (2d) 576 (1949). Although we adhere to the policy of liberally construing the declaratory judgment statute, this does not mean that this Court will entertain suits which, after adjudication, settle no legal rights of the parties. To do so would be to render advisory opinions, and thus, would be beyond the intended purpose and scope of a declaratory judgment.

Here, as in *Power v. McNair, supra,* we raise the issue of no justiciable controversy on our own motion, since the parties cannot by consent or agreement confer jurisdiction on the court to render a declaratory judgment. 26 C. J. S. Declaratory Judgments § 75.

It is not amiss for the court to point out that conceivably the heirs of the grantor should be parties to any proceeding in which title to this land is determined.

The appeal is accordingly dismissed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.