**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

John Christopher Milton, Petitioner,

v.

Richland County, Respondent.

Appellate Case No. 2014-000580

---

**ORIGINAL JURISDICTION**

---

Memorandum Opinion No. 2015-MO-046
Heard May 20, 2015 – Filed August 5, 2015

---

**DISMISSED**

---

Constantine George Pournaras, Kris Hines and Elizabeth Fielding Pringle, all of Richland County Public Defender's Office, of Columbia, for Petitioner.

Andrew F. Lindemann, of Davidson & Lindemann, P.A., of Columbia, for Respondent.

---

**PER CURIAM:** We accepted this matter in our original jurisdiction[1] to determine: (1) whether prolonged detention of persons incarcerated upon the issuance of a uniform traffic ticket violates the Fourth Amendment of the United States Constitution[2] where the county has failed to provide a mechanism for prompt judicial determination of probable cause within a 48-hour period following arrest; and (2) whether, absent a prompt probable cause determination, detention centers may detain persons arrested without a warrant longer than reasonably necessary for booking and processing. Because there is nothing in the record to indicate that John Christopher Milton did not receive a probable cause determination within 48 hours of his arrest, we find Milton has failed to demonstrate a justiciable controversy that is appropriate for our review. Accordingly, we dismiss this matter in our original jurisdiction.

## I.     Factual / Procedural History

On January 23, 2014, a deputy with the Richland County Sheriff's Department arrested Milton for trespassing at a business after notice and issued a Uniform Traffic Ticket ("UTT").[3] Milton was committed to the Alvin S. Glenn

---

[1] S.C. Const. art. V, § 5 ("The Supreme Court shall have power to issue writs or orders of injunction, mandamus, quo warranto, prohibition, certiorari, habeas corpus, and other original and remedial writs."); S.C. Code Ann. § 14-3-310 (1977) (granting the Supreme Court authority to issue original writs); Rule 245(a), SCACR ("The Supreme Court will not entertain matters in its original jurisdiction when the matter can be determined in a lower court in the first instance, without material prejudice to the rights of the parties. If the public interest is involved, or if special grounds of emergency or other good reasons exist why the original jurisdiction of the Supreme Court should be exercised, the facts showing the reasons must be stated in the petition with supporting affidavits.").

[2] U.S. Const. amend. IV ("The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.").

[3] S.C. Code Ann. § 56-7-10 (Supp. 2014) (authorizing law enforcement officers to use a uniform traffic ticket to arrest for all traffic offenses and for certain specified offenses). Section 56-7-10 was amended effective June 4, 2015; however, this

Detention Center because he could not post the $470 bond set by Richland County Magistrate Metts. On February 18, 2014, Magistrate Howard converted the bond from a cash or surety bond to a personal recognizance bond. As a result, Milton was released from custody and ordered to appear in magistrate's court on March 12, 2014.[4]

On March 19, 2014, the Chief Public Defender for Richland County ("Petitioner"), on behalf of Milton and other similarly situated detainees, petitioned this Court to accept a Complaint within its original jurisdiction. Petitioner maintained that Milton and other individuals, who were arrested in Richland County pursuant to a UTT and not a warrant, have been subjected to prolonged detention without a prompt judicial determination of probable cause in violation of the Fourth Amendment. Petitioner sought for the Court to issue an order declaring that: (1) a criminal defendant, who is detained as a result of a warrantless arrest, must receive a *Gerstein*[5] probable cause determination within 48 hours of his or her arrest; and (2) a criminal defendant, who does not receive a judicial determination of probable cause, may not be held by a detention center "longer than reasonably necessary" for booking and processing. This Court, despite mootness,[6] granted the petition.

---

amendment does not affect the disposition of the instant case as it was amended to include additional offenses for which a UTT may be issued.

[4] On April 17, 2014, Magistrate Maurer dismissed the trespassing charge after the business dropped the charge on the condition that Milton would not return to the property.

[5] *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975) ("[T]he Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."); *see Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991) (interpreting *Gerstein* and holding that an arrestee is entitled to a probable cause determination within 48 hours of arrest absent "a bona fide emergency or other extraordinary circumstance").

[6] *See Curtis v. State*, 345 S.C. 557, 568, 549 S.E.2d 591, 596 (2001) ("[A]n appellate court can take jurisdiction, despite mootness, if the issue raised is capable of repetition but evading review.").

## II. Standard of Review

Petitioner seeks a declaration from this Court in its original jurisdiction. Thus, the Uniform Declaratory Judgments Act ("the Act") is implicated. S.C. Code Ann. §§ 15-53-10 to -140 (2005). Section 15-53-20 of the South Carolina Code identifies the purpose of the Act and provides that courts "shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed." S.C. Code Ann. § 15-53-20 (2005); *see* Rule 57, SCRCP ("The procedure for obtaining a declaratory judgment pursuant to Code §§ 15–53–10 through 15–53–140, shall be in accordance with these rules, and . . . [t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate."). The Act is to be liberally construed and administered to achieve its intended purpose "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations." S.C. Code Ann. § 15-53-130 (2005).

To state a cause of action under the Act, a party must demonstrate a justiciable controversy. *Power v. McNair,* 255 S.C. 150, 177 S.E.2d 551 (1970). "A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical or abstract character." *Id.* at 154, 177 S.E.2d at 553.

## III. Discussion

Milton acknowledges that the Richland County deputy was statutorily authorized to arrest him using a UTT rather than a warrant.[7] However, because he was detained pursuant to a warrantless arrest, Milton asserts that he was entitled to a judicial determination of probable cause within 48 hours of his arrest. Although Milton admits that he received a bond hearing within 24 hours of arrest, as required

---

[7] Section 22-3-710 of the South Carolina Code states, "All proceedings before magistrates in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offenses charged, upon which, and only which, shall a warrant of arrest issue." S.C. Code Ann. § 22-3-710 (2007). However, this Court has held that "[s]ection 56-7-10 provides an exception to the warrant requirement by allowing the issuance of a uniform traffic ticket to initiate proceedings before the magistrate for specified offenses." *State v. Ramsey*, 409 S.C. 206, 210, 762 S.E.2d 15, 17 (2014).

by section 22-5-510 of the South Carolina Code,[8] he claims that at no point during the "bail proceedings" was there a determination of probable cause. In the absence of this determination, Milton argues he was detained in violation of the Fourth Amendment.

We find that Petitioner has failed to demonstrate a justiciable controversy. Other than Milton's own assertions, the record contains no evidence that he was denied a probable cause determination. Because Petitioner failed to submit a sufficient record, this case presents nothing more than a dispute of a hypothetical character. *See Helms Realty, Inc. v. Gibson-Wall Co.*, 363 S.C. 334, 339, 611 S.E.2d 485, 487-88 (2005) (noting that appellant has the burden of establishing a sufficient record and declining to address the merits of a claim when facts underlying the claim are not included in the record); Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal."). Accordingly, we dismiss this matter in our original jurisdiction as it is not appropriate for our review.

**DISMISSED.**

**TOAL, C.J., PLEICONES, KITTREDGE, JJ., and Acting Justice James E. Moore, concur.**

---

[8] S.C. Code Ann. § 22-5-510(B) (Supp. 2014) ("*A person charged with a bailable offense must have a bond hearing within twenty-four hours of his arrest* and must be released within a reasonable time, not to exceed four hours, after the bond is delivered to the incarcerating facility." (emphasis added)). Section 22-5-510 was amended effective June 4, 2015 regarding matters to be considered when determining conditions of release on bond. Subsection (B) of section 22-5-510 remained unchanged.