**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

Live Oak Village Homeowners Association, Inc.; Jennifer McFarland; Carlton Holcombe; and Ute Holcombe, Plaintiffs,

Of whom Live Oak Village Homeowners Association, Inc.; Jennifer McFarland; and Carlton Holcombe are Appellants,

v.

Thomas Morris; David Hannemann; Sofia Mazell; and Michael Mazell, Respondents.

Sofia Mazell and Michael Mazell, Third-Party Plaintiffs,

v.

William McFarland, Third-Party Defendant.

Appellate Case No. 2015-000599

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

Unpublished Opinion No. 2016-UP-519
Heard November 9, 2016 – Filed December 21, 2016

**AFFIRMED IN PART, REVERSED IN PART**

Stephen Lynwood Brown and Russell Grainger Hines, both of Young Clement Rivers, LLP, of Charleston, for Appellants.

Lydia Pruitt Davidson, of Krawcheck & Davidson, LLC; Morgan S. Templeton, Graham Pollock Powell, and William Wharton Watkins, Jr., of Wall Templeton & Haldrup, P.A.; all of Charleston, for Respondents Thomas Morris and David Hannemann.

William B. Jung, of William B. Jung, Esq., LLC, of Mt. Pleasant, for Respondents Michael Mazell and Sofia Mazell.

**PER CURIAM:** Appellants Live Oak Village Homeowners Association (HOA), Jennifer McFarland, and Carlton Holcombe appeal the circuit court's grant of summary judgment. *See Turner v. Milliman*, 392 S.C. 116, 121–22, 708 S.E.2d 766, 769 (2011) ("When reviewing a grant of summary judgment, appellate courts apply the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP."); Rule 56(c), SCRCP (explaining the circuit court should grant a motion for summary judgment when the evidence shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). The HOA contends the circuit court erred by granting summary judgment on all of the HOA's causes of action based on the circuit court's finding the HOA lacked standing because it failed to follow its bylaws when authorizing this action. McFarland and Holcombe argue the circuit court erred by granting summary judgment on their declaratory judgment cause of action against Respondents Thomas Morris and David Hannemann.

The HOA claims it complied with its bylaws even though only one director voted to initiate this action because the other two directors had a conflict of interest or were ineligible to vote for failure to pay assessments. We disagree. Regardless of whether the HOA is correct in asserting the other directors had a conflict of interest in any vote to bring this action, we believe William McFarland, in his capacity as the sole remaining director, could not properly authorize this action in the HOA's name. The HOA's bylaws state it is a nonprofit corporation organized under the

laws of this state, and the South Carolina Nonprofit Corporation Act expressly states a conflict of interest transaction "may not be authorized, approved, or ratified . . . by a single director." S.C. Code Ann. § 33-31-831(e) (2006). Thus, even if McFarland was the only director eligible to vote, under section 33-31-831(e), he still could not properly initiate this action in his capacity as a director.

Next, the HOA argues it had standing because its causes of action accrued when the elements of its claims were present, regardless of whether it complied with its bylaws when initiating the action. We find this argument is unpreserved. The HOA's arguments to the circuit court focused on how the HOA properly authorized and initiated this action. In contrast, on appeal, the HOA essentially asserts whether it properly authorized this action is irrelevant to a standing analysis. The HOA claims whether it complied with its bylaws does not impact whether it had standing to bring this action. The HOA's initial brief on appeal is the first time it made this type of argument. Additionally, the circuit court did not issue a ruling on this argument. Thus, it is unpreserved. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

Finally, the HOA argues its bylaws authorized William McFarland to properly initiate this action in his capacity as president of the HOA. We find this argument is also unpreserved. Although the HOA raised this argument to the circuit court, the circuit court failed to rule on whether the bylaws authorized the HOA president to initiate this action on the HOA's behalf. The circuit court's explanation focused entirely on what the Board was required to do to authorize this action. Also, the HOA failed to file a Rule 59, SCRCP motion requesting a ruling from the circuit court on this issue. Therefore, the HOA's argument regarding the HOA president's authority to authorize this action is unpreserved. *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding an argument unpreserved when "the circuit court did not explicitly rule" on it and the party failed to file a motion under Rule 59); *Van Blarcum v. City of N. Myrtle Beach*, 337 S.C. 446, 453, 523 S.E.2d 486, 490 (Ct. App. 1999) (explaining "an implicit ruling will not suffice" to preserve an argument).

Appellants McFarland and Holcombe argue the circuit court erred by granting summary judgment on their declaratory judgment cause of action because they showed a justiciable controversy. We agree. McFarland and Holcombe properly stated a cause of action under the Declaratory Judgments Act (DJA) because a

justiciable controversy existed.  *See* S.C. Code Ann. § 15-53-30 (2005) ("Any person interested under a . . . written contract or other writings constituting a contract or whose rights, status[,] or other legal relations are affected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument . . . [or] contract . . . and obtain a declaration of rights, status[,] or other legal relations thereunder."); *Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995) ("Under the [DJA], a party whose rights, status, or other legal relations are affected by a contract may seek a court's determination of any question of construction or validity of the contract and obtain a declaration of the party's rights, status, or other legal relations thereunder."); *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004) ("To state a cause of action under the [DJA], a party must demonstrate a justiciable controversy.  'A justiciable controversy is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical[,] or abstract character.'" (citation omitted) (quoting *Power v. McNair*, 255 S.C. 150, 154, 177 S.E.2d 551, 553 (1970))); *id.* (explaining the DJA "should be liberally construed to accomplish its intended purpose of affording a speedy and inexpensive method of deciding legal disputes and of settling legal rights and relationships").

McFarland and Holcombe's allegations amount to claims that Respondents Morris and Hannemann were violating the covenants and restrictions (C&R), which was an agreement contractual in nature, in their capacities as directors.  They claimed Morris and Hannemann had already violated the C&R, rather than alleging some hypothetical, future event would violate the C&R.  We believe such allegations amount to a claim of an existing controversy regarding the rights and status of a writing or contract.  Such allegations reasonably come within section 15-53-30 and satisfy the requirement for a justiciable controversy.

Additionally, we find the circuit court erred by requiring McFarland and Holcombe to establish constitutional standing, which includes showing an injury in fact.  The circuit court explained they lacked standing to bring a declaratory judgment action because they failed to satisfy our supreme court's test for constitutional standing.  However, we find McFarland and Holcombe acquired standing to bring this cause of action by statute, specifically the DJA.  *See ATC S., Inc. v. Charleston Cty.*, 380 S.C. 191, 195, 669 S.E.2d 337, 339 (2008) (explaining there are three ways a party may acquire standing, including "by statute").  Therefore, they were not required to possess constitutional standing.

Based on the foregoing, we affirm the circuit court's grant of summary judgment on the HOA's causes of action. However, we reverse the circuit court's grant of summary judgment on McFarland and Holcombe's declaratory judgment cause of action against Morris and Hannemann.

**AFFIRMED IN PART, REVERSED IN PART.**

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**