**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Derek S. Carter, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2015-001162

———————

Appeal From Richland County
J. Ernest Kinard, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-024
Submitted October 1, 2016 – Filed January 11, 2017

———————

**AFFIRMED**

———————

Derek S. Carter, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Sea Pines Ass'n for the Prot. of Wildlife, Inc. v. S.C. Dep't of Nat. Res.*, 345 S.C. 594, 600, 550 S.E.2d 287, 291 (2001) ("To have standing, . . . one must be a real party in interest."); *id.* at 601, 550 S.E.2d at 291 ("The party seeking to

establish standing carries the burden of demonstrating each of the three elements [of standing]."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (explaining a party lacks standing if he has sustained no concrete, actual injury in fact).[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We note as an additional sustaining ground, the circuit court properly dismissed this case because no justiciable controversy existed. *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground . . . appearing in the Record on Appeal."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000) ("[A] respondent . . . may raise on appeal any additional reasons the appellate court should affirm the [circuit] court's ruling, regardless of whether those reasons have been presented to or ruled on by the [circuit] court."); S.C. Code Ann. § 15-53-20 (2005) ("Courts of record within their respective jurisdictions shall have power to declare rights, status[,] and other legal relations whether or not further relief is or could be claimed."); *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004) ("The Declaratory Judgments Act [(the Act)] is a proper vehicle in which to bring a controversy before the court when there is an existing controversy or at least the ripening seeds of a controversy."); S.C. Code Ann. § 15-53-130 (2005) ("[The Act] is to be liberally construed and administered."); *Sunset Cay, LLC*, 357 S.C. at 423, 593 S.E.2d at 466 ("To state a cause of action under the . . . Act, a party must demonstrate a justiciable controversy."); *id.* ("A justiciable controversy is a real and substantial controversy [that] is appropriate for judicial determination, as distinguished from a dispute or difference of a contingent, hypothetical[,] or abstract character." (quoting *Power v. McNair*, 255 S.C. 150, 154, 177 S.E.2d 551, 553 (1970))).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.