# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Tom Davis, individually, and as a Citizen, Resident, Taxpayer, Qualified Elector and State Senator of South Carolina, Petitioner,

v.

Hugh K. Leatherman, Sr., in his capacity as President Pro Tempore of the South Carolina Senate; James H. Lucas, in his capacity as Speaker of the South Carolina House of Representatives and as a member of the Legislative Council; Henry D. McMaster, in his capacity as Lieutenant Governor and President of the South Carolina Senate and as a member of the Legislative Council; Nikki R. Haley, in her capacity as Governor of South Carolina; Alan M. Wilson, in his capacity as Attorney General of the State of South Carolina; Luke A. Rankin, in his capacity as a member of the Legislative Council; F. Gregory Delleney, Jr., in his capacity as a member of the Legislative Council; Mark Hammond, in his capacity as a member of the Legislative Council; and the State of South Carolina, Respondents.

Appellate Case No. 2016-002473

---

## ORIGINAL JURISDICTION

---

Opinion No. 27699
Submitted January 17, 2017 – Filed January 18, 2017

---

Petitioner Tom Davis, of Beaufort, *pro se,* Petitioner.

William W. Wilkins, Andrew A. Mathias, and Konstantine P. Diamaduros, all of Greenville and

Richard L. Tapp, Jr., of Charleston, all for Respondents
Hugh K. Leatherman, Sr., and Luke A. Rankin.

Patrick G. Dennis, Charles F. Reid, Emma T. Dean,
Richard L. Pearce, James H. Goldin, and Roland M.
Franklin, Jr., all of Columbia, for Respondents James H.
Lucas and Francis G. Delleney, Jr.

Henry D. McMaster, of Columbia, *pro se*, Respondent.

Karl S. Bowers, Jr., and Richele K. Taylor, both of
Columbia, for Respondent Nikki R. Haley.

Attorney General Alan M. Wilson, Solicitor General
Robert D. Cook, and Deputy Solicitor General J. Emory
Smith, Jr., all of Columbia, for Respondents Alan M.
Wilson and the State of South Carolina.

Eugene H. Matthews and Melissa B. Manning, both of
Columbia, for Respondent Mark Hammond.

Larry A. Martin, of Pickens, *pro se*, as Amicus Curiae.

---

**PER CURIAM:** We granted the petition for original jurisdiction in this declaratory judgment matter to consider the questions posed by petitioner of whether "the provisions of Article III and Article IV of the South Carolina Constitution have been amended by virtue of" Act 289 of 2012 and Act 214 of 2014, as well as the vote of the general electorate in the 2012 general election, and if the articles have been amended, "what is the text of those amendments." Petitioner also requests that this Court, upon answering those questions, direct the Legislative Council to take action as necessary to ensure the text of the South Carolina Constitution, as published and made publicly available, conforms with this Court's decision.

At the core of these questions is whether the amendments become effective "following the general election of 2018," as specifically stated in Act 289 and similarly stated in the ballot text presented to and approved by the general

electorate in 2012,[1] or May 29, 2014, the date of ratification of Act 214, as published by the Legislative Council.

All of the parties who filed memoranda of law in this matter agree that the amendments at issue become effective beginning with or upon the general election of 2018. We likewise agree that this is evident from the language of the Acts and the ballot text. We therefore declare that Articles III and IV of the South Carolina Constitution have been amended by, and as set forth in, Acts 289 and 214, and that the text of those Acts, along with the text of the ballot presented to and approved by the voters in the 2012 general election, states the amendments shall become effective "[b]eginning with the general election of 2018" and "upon the joint election" of the Governor and Lieutenant Governor.

As to petitioner's request that we direct the Legislative Council to take action to correct the effective dates as published in the Code of Laws of South Carolina, our ruling in this matter establishes the effective date of these amendments regardless of what is published in the Code of Laws. However, we trust, and certain members of the Legislative Council named as parties to this action have indicated, that the Legislative Council will take measures to publish the correct effective date of the amendments without direction from this Court.

Finally, the Attorney General urges this Court to take this opportunity to interpret the provisions of the current version of Section 9 of Article IV of the South Carolina Constitution addressing the duties of the President Pro Tempore of the South Carolina Senate in the absence of the Lieutenant Governor. This issue is not properly before us; therefore, we decline to address it. *West v. West*, 263 S.C. 146, 208 S.E.2d 530 (1974).

**DECLARATORY JUDGMENT ISSUED**.

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.**

---

[1] The ballot text specifically stated that the amendments to Section 8 of Article IV, providing for the joint election of the Governor and Lieutenant Governor, would take effect "[b]eginning with the general election of 2018," and the remaining amendments to Articles III and IV would take effect "upon the joint election."