# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Neil Richards, Appellant,

v.

Michael B. Spicer, Chief Procurement Officer, South Carolina State Fiscal Accountability Authority, Division of Procurement Services, and South Carolina Worker's Compensation Commission, Respondents.

Appellate Case No. 2023-000667

AND

JMI Sports and JMIS College, LLC, Appellants,

v.

Michael B. Spicer, Chief Procurement Officer, South Carolina State Fiscal Accountability Authority, Division of Procurement Services, and Clemson University, Respondents.

Appellate Case No. 2023-000668

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Opinion No. 28275
Heard October 31, 2024 – Filed April 23, 2025

———————

## AFFIRMED AS MODIFIED

———————

James G. Carpenter, of Carpenter Law Firm, PC, of
Greenville; John E. Schmidt, III, and Melissa Javon
Copeland, both of Schmidt & Copeland, LLC, of
Columbia, all for Appellants.

Michael H. Montgomery, of Montgomery Willard, LLC,
of Columbia; Boyd Benjamin Nicholson, Jr., of
Haynsworth Sinkler Boyd, PA, of Greenville; Manton M.
Grier, Jr., State Fiscal Accountability Authority, of
Columbia, all for Respondents.

---

**JUSTICE VERDIN:** JMI Sports, JMSI College, LLC, and Intellectual Capitol
(Appellants) in these consolidated cases obtained contracts through the state
procurement process with Respondent Workers' Compensation Commission and
Respondent Clemson University, respectively.  After disputes arose under the
contracts, Respondents filed Requests for Resolution of Contract Controversy with
the Chief Procurement Officer (CPO) for the State of South Carolina.  Appellants
then filed separate declaratory judgment actions in circuit court, alleging that
section 11-35-4230 of the South Carolina Code is unconstitutional because it
violates the Separation of Powers Clause, Article I, Section 8, and Article V,
Sections 1 and 11, of the South Carolina Constitution.

The circuit court granted Respondents' motions to dismiss the declaratory
judgment actions, ruling section 11-35-4230 placed exclusive jurisdiction over the
State's contract disputes with the CPO.  The circuit court also dismissed
Appellants' constitutional claims as premature for failure to exhaust their
administrative remedies.  This appeal followed.  We affirm as modified.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In February 2021, the South Carolina Workers' Compensation Commission (WCC)
filed its Second Amended Request for Contract Resolution against Intellectual
Capitol, Inc. (Intellectual Capitol), a software developer, and two individuals—
Barry Newkirk and Neil Richards—before the CPO.  The WCC asserted Newkirk
and Richards were alter egos to Intellectual Capitol.  In the Amended Request, the
WCC alleged it had contracted with Intellectual Capitol to provide the WCC with
an electronic filing and case management system named "KERMIT."  However,
the WCC alleged Intellectual Capitol failed to complete the project in a timely
manner, ultimately abandoning the project—but not before the WCC "paid

[Intellectual Capitol] $2,346,118.06 for the worthless and non-functioning KERMIT system provided."  The WCC alleged causes of action for breach of contract, breach of contract accompanied by a fraudulent act, fraud, unjust enrichment, breach of the statutory covenant of good faith and fair dealing, and audit.

In November 2021, Clemson University filed its Request for Resolution of Contract Controversy against JMI Sports and JMIS College, LLC (collectively JMI Sports), a sports marketing firm, before the CPO.  In its request, Clemson alleged that, after termination of their contract with JMI Sports, JMI Sports owed Clemson around eleven million dollars in revenue proceeds.  JMI Sports refused to pay because JMI Sports alleged Clemson owed it around nine million dollars in termination costs.  Clemson asked the CPO to resolve the contract dispute in its favor.

In May 2022, while the above actions were pending before the CPO, Appellants initiated separate declaratory judgment actions in the court of common pleas of Richland County, asking the circuit court to (1) stay the proceedings in front of the CPO; (2) declare section 11-35-4230 unconstitutional; and (3) award Appellants various fees and costs.  In their complaints, Appellants alleged Article V, Sections 1 and 11 of the South Carolina Constitution grant judicial power to South Carolina's circuit courts to have original jurisdiction over civil and criminal cases. Appellants made the argument that both Article X, Section 10 and Article XVII, Section 2 of the South Carolina Constitution carve out a constitutional exception to this jurisdiction when claims are brought against the State—namely, that the General Assembly "may direct, by law, in what manner claims against the State may be established and adjusted."  S.C. Const. art. X, § 10; S.C. Const. art. XVII, § 2.  However, Appellants asserted that section 11-35-4230 is unconstitutional because it gives a non-judicial branch tribunal the authority to determine "two types of claims: 1) claims by private parties against the State under state-issued contracts, as well as 2) claims by the State against private parties under state-issued contracts."  Appellants contended the constitutional exception to the grant of exclusive judicial power to the judicial branch does not extend to "claims by the State," and therefore, section 11-35-4230 violates South Carolina's Separation of Powers Clause.

The WCC and Clemson (Respondents) each moved to dismiss the respective declaratory judgment actions, arguing Appellants had contractually agreed to have their case determined by the CPO; the circuit court lacked subject matter jurisdiction to hear the claims; and Appellants failed to exhaust their administrative

remedies. The CPO also moved to dismiss the declaratory judgment, asserting this Court's decision in *Unisys Corporation v. South Carolina Budget and Control Board Division of General Services Information Technology Management Office*, 346 S.C. 158, 169, 551 S.E.2d 263, 270 (2001), controlled the outcome of Appellants' constitutional challenges because in that opinion this Court stated there was "no constitutional provision limiting the legislature's power" to enact section 11-35-4230.

After a hearing on the motions to dismiss on January 5 and 24, 2023, the circuit court granted Respondents' motions to dismiss. The circuit court issued identical dismissal orders (with a combined caption) for both declaratory judgment actions. In the identical orders, the circuit court found, under section 11-35-4230, the CPO has exclusive subject matter jurisdiction over Appellants' contract disputes with Respondents. Specifically, the circuit court found Appellants must raise their constitutional challenges to section 11-35-4230 only upon exhaustion of their administrative remedies; and therefore, Appellants' allegations of unconstitutionality were premature and should be dismissed. Nevertheless, the circuit court also ruled that section 11-35-4230 does not violate South Carolina's constitution because: (1) it was declared constitutional by this Court in *Unisys*; and (2) the Procurement Code gives appellate review of the CPO's decision to the Procurement Review Panel, which, in turn, is subject to judicial review by the court of appeals.[1] The circuit court did not specifically rule on the effect of Appellants' contractual agreement to have their contract disputes determined by the CPO.

Appellants filed notices of appeal from the circuit court's orders directly to this Court, as well as a motion to consolidate the two appeals. On June 8, 2023, this Court granted the Appellants' motion to consolidate "[b]ecause both matters arise from the same circuit court order and involve the exact same question of law."

While the motion to consolidate was pending, Respondents filed motions to dismiss both appeals for failure to exhaust administrative remedies. In those motions, Respondents asserted Appellants could not raise their constitutional challenges to section 11-35-4230—even on appeal—until exhausting their

---

[1] S.C. Code Ann. § 11-35-4410 (providing for review by an administrative panel and review of the panel's decision by the court of appeals).

remedies before the CPO.  On August, 10, 2023, this Court denied Respondents' motions to dismiss the appeals.  This consolidated appeal follows.[2]

## II.   LAW/ANALYSIS

In its orders granting Respondents' motions to dismiss Appellants' declaratory judgment actions, the circuit court stated: "The CPO has exclusive jurisdiction over the contract controversy between the parties here, and because [Appellants] have failed to exhaust their administrative remedies, this Court dismisses the action. [Appellants] claims are premature at this point."

Appellants now assert the circuit court erred because: (1) the Uniform Declaratory Judgments Act does not require exhaustion of administrative remedies in order for the circuit court to declare "rights, status, and other legal relations," S.C. Code Ann. § 15-53-30 (2005); and (2) the CPO is without authority to declare the constitutionality of any statute, including section 11-35-4230.

Respondents, by contrast, contend Appellants waived any challenge to the CPO's authority to preside over their procurement-contract claims when they contractually agreed to have their disputes decided by the CPO, and that therefore, dismissal of the declaratory judgment actions was proper.  We agree with Respondents.

The Uniform Declaratory Judgments Act states, in relevant part:

> Any person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status or other legal relations thereunder.

S.C. Code Ann. § 15-53-30.

---

[2] After this Court's hearing on October 31, 2024, Appellants Intellectual Capitol, Inc. and Barry Newkirk settled their dispute with the WCC and motioned that they be dismissed from this case pursuant to Rule 260, SCACR.  This Court granted those parties' motion and dismissed them from the case on January 6, 2025, holding that their dismissal did not otherwise affect the case.

However, "[t]he Uniform Declaratory Judgment[s] Act . . . 'does not require the court to give a purely advisory opinion[,] which the parties might, so to speak, put on ice to be used if and when occasion might arise' . . . 'or license litigants to fish in judicial ponds for legal advice.'" *Tourism Expenditure Review Comm. v. City of Myrtle Beach*, 403 S.C. 76, 81-82, 742 S.E.2d 371, 374 (2013) (alterations in original) (internal quotation marks omitted) (quoting *City of Columbia v. Sanders*, 231 S.C. 61, 68, 97 S.E.2d 210, 213 (1957); *see Power v. McNair*, 255 S.C. 150, 154, 177 S.E.2d 551, 553 (1970) (holding a judicial determination that would not affect the parties' legal rights, "would be only advisory and, therefore, beyond the intended purpose and scope of a declaratory judgment"); *id.* (stating this Court "simply refuse[s] to enter the field of advisory opinions"). "The test of sufficiency of [a declaratory judgment] complaint is not whether it shows that the plaintiff is entitled to a declaration of rights in accordance with his theory, but whether he is entitled to a declaration of rights at all." *Dantzler v. Callison*, 227 S.C. 317, 321-22, 88 S.E.2d 64, 66 (1955) (quoting *Foster v. Foster*, 226 S.C. 130, 132, 83 S.E.2d 752, 753 (1954)); *see Graham v. State Farm Mut. Auto. Ins. Co.*, 319 S.C. 69, 71, 459 S.E.2d 844, 845 (1995) ("To state a cause of action under the Declaratory Judgment Act, a party must demonstrate a justiciable controversy."); *id.* ("A justiciable controversy exists when a concrete issue is present, there is a definite assertion of legal rights and a positive legal duty which is denied by the adverse party."); *Seabrook v. Knox*, 369 S.C. 191, 197, 631 S.E.2d 907, 910 (2006) ("If there is no actual controversy, this Court will not decide moot or academic questions.").

Under South Carolina contract law, if a contract is neither illegal nor ambiguous, courts must enforce it "according to its terms regardless of its wisdom or folly, apparent unreasonableness, or the parties' failure to guard their rights carefully." *Lee v. Univ. of S.C.*, 407 S.C. 512, 518, 757 S.E.2d 394, 397 (2014) (quoting *S.C. Dep't. of Transp. v. M & T Enters. of Mt. Pleasant*, 379 S.C. 645, 655, 667 S.E.2d 7, 13 (Ct. App. 2008)); *see Simpson v. MSA of Myrtle Beach, Inc.*, 373 S.C. 14, 29-30, 644 S.E.2d 663, 671 (2007) (stating courts generally "will not enforce a contract which is violative of public policy, statutory law, or provisions of the Constitution"). In South Carolina, it not against the law, the Constitution, or public policy for parties to contractually waive either (1) their right to a jury trial or (2) their right to have their disputes decided in a court of the South Carolina unified judicial system. *See* S.C. Const art. V, § 1 (establishing that "[t]he judicial power shall be vested in a unified judicial system"); *N. Charleston Joint Venture v. Kitchens of Island Fudge Shoppe, Inc.*, 307 S.C. 533, 535, 416 S.E.2d 637, 638 (1992) (holding a party may waive the right to a jury trial by contract); *Minorplanet Sys. USA Ltd. v. Am. Aire, Inc.*, 368 S.C. 146, 150 n.1, 628 S.E.2d 43,

45 n.1 (2006) ("Under South Carolina law, a consent to jurisdiction clause is generally presumed valid and enforceable when made at arm's length by sophisticated business entities."); *Munoz v. Green Tree Fin. Corp.*, 343 S.C. 531, 542, 542 S.E.2d 360, 365 (2001) (indicating parties could contract to have a non-judicial branch arbitrator determine their breach of contract claim, because arbitration is "only the *forum* in which the remedy for the breach is determined") (emphasis in original).

Whether the language of a contract is ambiguous is a question of law, which this Court reviews de novo. *Callawassie Island Members Club, Inc. v. Dennis*, 425 S.C. 193, 198, 821 S.E.2d 667, 669 (2018).

In their reply brief, Appellants concede their contracts with Respondents contain a choice-of-forum provision, but they assert the provision does not unambiguously give the CPO exclusive authority to decide their underlying contract disputes.[3] The choice-of-forum provision found in Appellants' contracts with Respondents states:

> Choice-of-Forum. All disputes, claims, or controversies relating to the Agreement shall be resolved exclusively by the appropriate Chief Procurement Officer in accordance with Title 11, Chapter 35, Article 17 of the South Carolina Code of Laws, or in the absence of jurisdiction, only in the Court of Common Pleas for, or a federal court located in, Richland County, State of South Carolina. Contractor agrees that any act by the

---

[3] Furthermore, Appellants allege Appellants Newkirk and Richards were not parties to the underlying contracts, therefore, they are not bound by the choice-of-forum provision. However, we find Appellants' argument unavailing. The WCC named Newkirk and Richards as parties to the underlying dispute as alter-egos to Intellectual Capitol, and, in South Carolina, alter-egos are bound to choice-of-forum provisions in a contract, even when the provision necessitates waiver of a jury trial. *See e.g. Wilson v. Willis*, 426 S.C. 326, 338, 827 S.E.2d 167, 174 (2019) ("South Carolina has recognized several theories that could bind nonsignatories to arbitration agreements under general principles of contract and agency law, including (1) incorporation by reference, (2) assumption, (3) agency, (4) veil piercing/alter ego, and (5) estoppel."); *Simpson*, 373 S.C. 14, 27, 644 S.E.2d 663, 670 (2007) ("The loss of the right to a jury trial is an obvious result of arbitration.").

> Government regarding the Agreement is not a waiver of either the Government's sovereign immunity or the Government's immunity under the Eleventh Amendment of the United States Constitution. As used in this paragraph, the term "Agreement" means any transaction or agreement arising out of, relating to, or contemplated by the solicitation.

This provision unambiguously gives the CPO exclusive authority to determine "[a]ll disputes, claims, or controversies relating to" Appellants' contracts with Respondents. *See Jordan v. Sec. Grp., Inc.*, 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993) ("Where the language of a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect.").

Because Appellants have unambiguously agreed to have their underlying disputes initially decided by the CPO, they have waived the very rights at issue in this constitutional challenge. Without a justiciable controversy, Appellants' challenge to section 11-35-4230 is a purely academic exercise. Accordingly, we affirm the circuit court's order dismissing Appellants' declaratory judgment actions. *See Seabrook*, 369 S.C. at 197, 631 S.E.2d at 910 ("If there is no actual controversy, this Court will not decide moot or academic questions."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("The appellate court may review respondent's additional reasons and, if convinced it is proper and fair to do so, rely on them or any other reason appearing in the record to affirm the lower court's judgment."). *See Seaboard Lumber Co. v. United States*, 903 F.2d 1560 (Fed. Cir. 1990) (declining to adopt the lower court's determination it was not a violation of the separation of powers for a non-judicial branch tribunal to determine federal procurement-contract disputes, and instead affirming on the narrower sustaining ground that the litigants had contractually waived their rights to a jury trial in the jurisdiction of an Article III court).

## III. CONCLUSION

We **AFFIRM as modified herein** the circuit court's dismissal of Appellants' declaratory judgment actions. The legal right Appellants assert is at stake is the right to have a court of the unified judicial system decide their contract claims. They have legally and knowingly waived this right in their respective contracts with the Respondents. Therefore, there are no legal rights at issue and the legal question presented is a purely academic exercise that is not justiciable.

Accordingly, the order of the circuit court is

**AFFIRMED AS MODIFIED.**

**KITTREDGE, C.J., FEW and JAMES, JJ., concur. HILL, J., not participating.**